# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2296-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.E.A.,[1]

     Defendant-Appellant.

_____

> Submitted September 28, 2022 – Decided October 4, 2022
>
> Before Judges Mawla and Marczyk.
>
> On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 14-06-1533.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).
>
> Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Supervising Assistant Prosecutor, on the brief).

---

[1] We use initials to protect the victim's identity. See R. 1:38-3(c)(12).

PER CURIAM

Defendant M.E.A. appeals from a September 3, 2020 order denying his petition for post-conviction relief (PCR). We affirm.

The parties are familiar with the facts relating to defendant's offenses, which we need not repeat here. To summarize, following indictment by a grand jury for second-degree luring, N.J.S.A. 2C:13-6 (count one), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1) (count two), defendant pled guilty to count one. The judge who took defendant's plea meticulously reviewed the plea terms and conditions, the plea forms, and voir dired defendant regarding the voluntary nature of the plea, including taking special care to address a comment by defendant seemingly expressing hesitation. In 2015, defendant was sentenced to five years imprisonment, Megan's Law registration, Nicole's Order, and Parole Supervision for Life (PSL).

In 2020, defendant filed a PCR petition arguing ineffective assistance of counsel. He claimed he did not have a chance to meet with his attorney; the attorney failed to investigate the case, including interview the victim; and he did not have the opportunity to discuss PSL with counsel which, combined with his mental health and drug abuse, rendered him unable to understand the plea.

A-2296-20

Judge Guy P. Ryan heard defendant's petition and rejected each claim in a written opinion. He found defendant failed to certify what investigation counsel failed to conduct. The judge noted the State "extensively interviewed" the victim, the interviews were provided in discovery, and defense counsel's decision not to interview the victim was strategic and entitled to deference. Defendant also failed to certify or provide "factual support for the alleged lack of communication and failure to discuss trial strategy."

The judge also rejected defendant's plea-related claims, finding "the plea forms . . . [defendant] executed outlined the exact nature of PSL" and defendant "acknowledged that he . . . read the plea forms[,] including supplemental plea forms, signed them and understood them." Further, the plea transcript confirmed the judge who took the plea "reviewed each and every provision of Megan's Law and PSL with [defendant] . . . . Thereafter, the judge reviewed the plea agreement with [defendant] who freely and voluntarily waived his right[ to] . . . trial. . . . [D]efense counsel elicited a factual basis for the plea." Judge Ryan noted when defendant hesitated during the plea proceeding, the judge "immediately intervened and inquired about whether he wanted to go forward with the plea . . . . After giving [defendant] every opportunity[, the j]udge . . . made detailed findings concerning the voluntary nature of the plea . . . ."

3

Likewise, the judge found defendant's claims his mental health and substance abuse impeded his ability to understand the consequences of PSL were contradicted by the record and unsupported, bald assertions. Although defendant provided a laboratory report showing elevated lithium levels three-and-one-half months prior to the plea, the judge found he presented no evidence "indicating how such lab results . . . affect[ed defendant] or prevent[ed] him from understanding the nature of the proceedings." Moreover, defendant "was seeking mental health treatment and advised the judge [at the time of the plea] he was 'well.'"

Defendant raises the following points on appeal:

> POINT I – TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO CONDUCT AN INDEPENDENT INVESTIGATION OR MEET WITH DEFENDANT TO DISCUSS TRIAL STRATEGY.
>
> POINT II – DEFENDANT'S PLEA WAS NOT KNOWING, VOLUNTARY, OR INTELLIGENT.

The Strickland v. Washington standard requires a defendant show counsel rendered substandard professional assistance that prejudiced the outcome of the proceedings. 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard). Where a defendant seeks to set aside a guilty plea based on ineffective assistance of counsel, they must show: "(i)

counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (citations omitted).

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [they were] denied the effective assistance of counsel. [They] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the . . . record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). We also review a PCR court's legal conclusions de novo. Ibid.

Pursuant to these principles, we affirm for the reasons expressed in Judge Ryan's thoughtful and well-written opinion. Defendant's arguments are bald assertions unsupported by the record or objective evidence in the form of certifications or affidavits, warranting neither PCR nor an evidentiary hearing.

A-2296-20

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION